UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | Case No. 23-CV-767 (NEB/SGE) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| TWIN CITIES DANCE & ENTERTAINMENT, LLC, | |
| Defendant. | |

Great American Insurance Company ("GAIC") sued Twin Cities Dance & Entertainment, LLC ("TCDE"), alleging that TCDE committed fraud in connection with an insurance claim. Discovery has been contentious. GAIC now moves for sanctions based on TCDE's failure to comply with discovery orders. (ECF No. 164.) United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation on the motion, recommending that the Court (1) deny the motion to the extent that it seeks sanctions under Rule 37(e)(1) of the Federal Rules of Civil Procedure, and (2) grant the motion to the extent that it seeks an adverse inference instruction as a sanction for the spoliation of evidence under Rule 37(e)(2). (ECF No. 193 ("R&R") at 23.) The R&R recommends that the language of the adverse inference instruction be permissive rather than mandatory. (*Id.*)

Judge Elkins issued an R&R rather than an order because of the potentially dispositive nature of the requested sanctions. (*See* R&R at 5 n.3 (noting that GAIC requested, but did not brief, the sanction of default judgment)); *see generally In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 352 (S.D.N.Y. 2023) ("Orders imposing discovery sanctions 'are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), 'unless the sanction employed disposes of a claim.'" (citation omitted)). Judge Elkins recommends a permissive adverse inference instruction, which is a nondispositive sanction. *Kelley v. BMO Harris Bank N.A.*, No. 19-CV-1756 (WMW), 2022 WL 1771999, at *4 (D. Minn. June 1, 2022). GAIC objects only to the permissive nature of the instruction, and asks the Court to order a mandatory adverse inference instruction.

Because Judge Elkins recommends a nondispositive sanction for a discovery violation, the Court's review is "extremely deferential." *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (citation omitted), *aff'd*, 821 F. App'x 656 (8th Cir. 2020); *see Wandner v. Am. Airlines*, 79 F. Supp. 3d 1285, 1295 (S.D. Fla. 2015) ("In determining between dispositive and non-dispositive discovery sanctions, the critical factor is what sanction the magistrate judge *actually imposes*, rather than the one *requested* by the party seeking sanctions."). A nondispositive ruling will be modified or set aside only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3); *see Best Buy Stores, L.P. v. Devs. Diversified Realty Corp.*,

No. 05-CV-2310 (DSD/JJG), 2008 WL 2439850, at *1 & n.1 (D. Minn. June 12, 2008) (applying deferential standard to R&R recommending nondispositive sanctions for discovery violations). Based on that review, the Court overrules GAIC's objection and accepts the R&R.[1]

## BACKGROUND

GAIC acknowledges that the factual findings in the R&R are accurate. (ECF No. 196 at 1.) The Court incorporates the R&R's background by reference. (*See* R&R at 1–5.)

Neither party objects to the R&R's conclusions that: (1) TCDE "knew or should have known that [the lost text messages at issue] would be relevant to current or future litigation on July 7, 2021," (*id.* at 13); (2) TCDE "did not take affirmative steps to prevent inadvertent spoliation and did not take reasonable steps to preserve evidence," (*id.* at 15); (3) the information cannot be replaced or restored, (*id.* at 15–16); and (4) TCDE acted with the intent to deprive GAIC of the relevant text messages. (*Id.* at 17–21.) Nor does either party object to an adverse inference instruction as the sanction for TCDE's spoliation of evidence. (*Id.* at 23.) The only issue is whether such instruction should be permissive or mandatory.

---

[1] Even under a *de novo* standard of review, the Court would overrule GAIC's objection and accept the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

## ANALYSIS

Under Rule 37 of the Federal Rules of Civil Procedure, federal courts have the authority to impose an adverse inference instruction if "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Before imposing an adverse inference instruction, the Court must find that the sanctioned party "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2); *accord Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 746–47 (8th Cir. 2004) ("[T]here must be some indication of an intent to destroy the evidence for the purpose of obstructing or suppressing the truth in order to impose the sanction of an adverse inference instruction."). The R&R concluded—and the Court agrees—that TCDE should have preserved the text messages at issue, that TCDE lost the text messages because it failed to take reasonable steps to preserve them, that the information cannot be restored or replaced, and that TCDE acted intentionally. (*See* R&R at 13–21.) An adverse inference instruction is thus an appropriate sanction under Rule 37(e).

GAIC objects to the R&R's recommendation that the language of the adverse inference instruction be permissive rather than mandatory. A district court exercises its discretion in deciding whether to give a particular instruction. *Davis v. White*, 858 F.3d 1155, 1160 (8th Cir. 2017). "An adverse inference instruction is a powerful tool in a jury

4

trial." *Morris v. Union Pac. R.R.*, 373 F.3d 896, 900 (8th Cir. 2004). A court must carefully consider when to issue an adverse inference instruction because such instruction "necessarily opens the door to a certain degree of speculation by the jury." *Id.* at 901; *see Evenson v. Johnson Bros. Liquor Co.*, No. 18-cv-3188 (JRT/LIB), 2020 WL 12948541, at *14 (D. Minn. Nov. 12, 2020) (granting discovery sanction of a permissive adverse inference instruction for lost text messages).

"A permissive inference is subject to reasonable rebuttal." *Stevenson*, 354 F.3d at 750. The Eighth Circuit has cautioned district courts to avoid unfair prejudice "by permitting the [sanctioned party] to put on some evidence" that might demonstrate "an innocent explanation for its conduct," even when the court has found that the sanctioned party acted in bad faith. *Id.* The sanction of "settling a disputed matter of fact (thus permitting no rebuttal)" typically is reserved for when "the offending party had destroyed the one piece of crucial physical evidence in the case." *Id.* (collecting cases).

The lost text messages contained relevant information that cannot be obtained from an alternative source. (R&R at 15–16.) But the R&R does not find, and the record does not reflect, that TCDE destroyed "any particular document of crucial evidentiary value." *Kelley as Tr. of BMO Litig. Tr. v. BMO Harris Bank N.A.*, No. 19-CV-1756 (WMW), 2022 WL 4547022, at *4 (D. Minn. Sept. 29, 2022). In this case, the appropriate sanction is a permissive adverse inference instruction. *See id.* (ordering a permissive adverse

inference instruction where it was impossible to determine "whether any of the destroyed documents included a unique piece of crucial evidence in this case").

## CONCLUSION

IT IS HEREBY ORDERED THAT:

1. Plaintiff Great American Insurance Company's objection (ECF No. 196) is OVERRULED;

2. The Report and Recommendation (ECF No. 193) is ACCEPTED;

3. Plaintiff's Motion for Sanctions for Failure to Comply with Discovery Orders (ECF No. 164) is GRANTED IN PART and DENIED IN PART as follows:

    a. The Motion is GRANTED to the extent that it seeks an adverse inference instruction as a sanction for the spoliation of evidence under Rule 37(e)(2) of the Federal Rules of Civil Procedure;

    b. The language of the adverse inference instruction shall be permissive rather than mandatory; and

    c. The Motion is DENIED to the extent that it seeks sanctions under Rule 37(e)(1).

Dated: June 26, 2025                              BY THE COURT:

                                                  s/Nancy E. Brasel
                                                  Nancy E. Brasel
                                                  United States District Judge